IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Cr. No. C-06-546 (3) |
| | § | |
| CAROLOS D. KNIGHT | § | |
| a/k/a Carlos D. Knight. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
LETTER MOTION TO RECONSIDER OR REDUCE SENTENCE**

Carolos D. Knight ("Knight") was sentenced by this Court case on March 15, 2007, and final judgment was entered on March 20, 2007. (D.E. 107, 110.) On April 3, 2007, the Court received a letter motion from Knight dated March 29, 2007 and sent in an envelope postmarked April 2, 2007. In the letter, Knight complains that he was deprived of "fundamental fairness" due to his attorney Jolanda Jones. He also complains that he was given a higher sentence than the leader of the conspiracy. He explains:

> Your Honor I'm not trying to cheat Justice, I'm just asking if you could give my case another look. Your Honor I really feel that you're the only one who can help me. I take full responsibility for my actions in the conspiracy. Due to me and my attorney's diffrences [sic] about the amount of drugs I was responsble [sic] for, lead to the fundamental mistake. Your Honor I'm not responsible for 14.96 kilograms. I'm responsble [sic] for no more than 4 kilograms and 23 ounces.

(March 29, 2007 letter from Knight at 1-2.)

**I.   Characterization of Letter**

As an initial matter, the Court must determine how to characterize Knight's letter.

Although his letter was filed within the time-frame for seeking an appeal,[1] nowhere does he reference an appeal or indicate an intent to appeal.  Additionally, his letter is clearly directed toward this Court and seeks relief only from this Court.  Notably, moreover, Knight waived his right to appeal both his conviction and sentence in his plea agreement, with certain exceptions not applicable here.  (D.E. 68 at ¶ 7.)  For all of these reasons, the Court does not construe the document as a notice of appeal.  See United States v. Cantwell, 470 F.3d 1087, 1088-89 (5th Cir. 2006) (noting that a motion evincing an intent to appeal filed within the time specified by Fed. R. App. P. 4 and containing the information required by Fed. R. App. P. 3 is effective as a notice of appeal); cf. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987) (noting that a document filed within the time period for appealing should be construed as a notice of appeal if it "clearly evinces the party's intent to appeal" and holding that a pleading where primary relief sought was reconsideration was insufficient to clearly evince an intent to appeal) (citations omitted).

Similarly, while his motion challenges his counsel's conduct, nowhere does it reference 28 U.S.C. § 2255, the proper vehicle for pursuing a claim of ineffective

---

[1] A criminal defendant must appeal not later than ten days after entry of judgment, excluding weekends and holidays. Fed. R. App. P. 4(b); Fed. R. App. 26(a). Judgment in this case was entered March 20, 2007. (D.E. 110.) Excluding weekends, ten days after March 20, 2007 was April 3, 2007. Knight's letter is postmarked April 2, 2007, and was thus delivered to prison officials on or before that date, and is deemed filed as of not later than April 2, 2007. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). Thus, if his letter had requested an appeal or evidenced an intent to appeal, it would have been deemed a timely notice of appeal.

assistance of counsel. Particularly in light of the Supreme Court's decision in <u>Castro v. United States</u>, 540 U.S. 375 (2003), the Court declines to construe Knight's motion as a § 2255 motion. Cf. <u>Castro</u>, 540 U.S. at 383 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Of course, this does not bar Knight from raising his claim of ineffective assistance in a separate § 2255 proceeding.[2] <u>See</u> <u>United States v. Ramirez</u>, 954 F.2d 1035, 1038 (5th Cir. 1992) (declining to construe the defendant's belated Rule 35 challenge to his sentence as a request for relief under 28 U.S.C. § 2255, but noting that the court's decision did not "bar [the defendant] from raising his claim in a separate section 2255 proceeding.").

Rather than construing Knight's motion as a § 2255 motion, then, the Court construes it as a motion to reconsider or reduce his sentence pursuant to 18 U.S.C. § 3582.

## II.  Motion for Reduced Sentence

Having determined that Knight's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds entitling him to relief. This Court has authority to modify or correct a previously imposed sentence only in the "limited

---

[2] The Court notes, however, that Knight's plea agreement contained a waiver of his right to file any § 2255 motion, as well as a waiver of his right to appeal. (D.E. 68 at ¶ 7.) The Court reaches no conclusions herein as to whether or not Knight's claim is barred by his waiver of § 2255 rights.

number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the Court orally announced sentence); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c). Knight fails to assert grounds for modification that fall into any of the categories above.  Thus, this Court is without authority to reduce his sentence and his motion is DENIED.

## III.  Conclusion

The Clerk is directed to docket Knight's letter motion, received on April 3, 2007, as a motion to reconsider sentence, received on April 3, 2007.  For the reasons set forth herein, the motion is DENIED.

ORDERED this 24th day of April, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE