IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-06-546 (3) |
| | § | |
| CARLOS D. KNIGHT, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART LETTER MOTIONS FOR DOCUMENTS**

Pending before the Court are two letter motions filed by Defendant Carlos D. Knight ("Knight" or "Defendant") and received by the Clerk on December 6, 2007 and December 10,. 2007, respectively. (D.E. 126, 129.) The two motions are virtually identical, although the second has several additional documents attached in support of Knight's allegations. (Compare D.E. 126 with D.E. 129.)

In his motions, Knight requests that he be given copies of his docket sheet, copies of all documents related to the filing of his notice of appeal, and copies of "Joint and Local Rules as well as Procedure for District Courts in the state of Texas only." (D.E. 126 at 1; D.E. 129 at 1.) He claims that he has sought his case file from his attorney in the criminal proceedings, Yolanda Jones, but that she has failed to provide it to him, despite promises to do so.

His letters also raise several other complaints about Ms. Jones. Specifically, he claims that he believes she has "sabotaged" his appeal, despite his request that she prosecute

1

his appeal. He also alleges that she failed to give him adequate time to review his Presentence Investigation Report before sentencing.

His claims regarding his counsel's actions and, in particular, her alleged failure to pursue his appeal, are the types of claims that would typically be asserted in a motion under 28 U.S.C. § 2255. Nowhere does Knight reference § 2255, however. Particularly in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe his letter as a § 2255 motion. Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterization, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). The Clerk is directed, however, to send the appropriate forms to Knight for filing such a motion.

Pursuant to the directives of Castro, Knight is advised that if he files a § 2255 motion asserting a claim of ineffective assistance of counsel, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Knight will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish

certain grounds in order to obtain that approval.[1]  See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); United States v. Orozco-Ramirez, 211 F.3d 862 (5th Cir. 2000) (discussing what constitutes a second or successive claim where a defendant's first § 2255 results in an out-of-time appeal).  Thus, any and all claims that Knight wishes the Court to consider should be asserted in any § 2255 motion he files.

As to his request for documents, it is GRANTED IN PART and DENIED IN PART. The Court grants his request for a copy of his docket sheet and also grants his request for copies of his notice of appeal and the dismissal of his appeal by the Fifth Circuit. Accordingly, the Clerk is directed to provide a copy of his docket sheet to him, as well as copies of docket entries numbered 120 and 124. Knight's request for copies of rules and procedures governing this Court is DENIED.  The local and federal rules are available on this Court's website or from links on this Court's website, and the federal rules governing

---

[1] The pertinent portion of § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

district courts are widely available from other sources, as well. This Court will not provide copies free of charge to Knight of these materials.

## **CONCLUSION**

For the foregoing reasons, Defendant's letter motions (D.E. 126, 129) are GRANTED IN PART and DENIED IN PART. In accordance with the Court's instructions above, the Clerk is directed to send to Knight copies of the following documents:

1. The docket sheet in his criminal case;

2. Docket entries numbered 120 and 124 (his notice of appeal and the Fifth Circuit's judgment dismissing his appeal); and

3. A blank copy of forms for filing a motion pursuant to 28 U.S.C. § 2255.

ORDERED this 6th day of February, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE