**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-546 (3) |
| | § | C.A. No. C-08-82 |
| CARLOS D. KNIGHT, | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE, AND ORDER
<u>DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Movant Carlos D. Knight's ("Knight") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which was filed by and through counsel.  (D.E. 137.)[1]  The Court ordered the government to respond, and after seeking an extension, the government filed a combined response and motion to dismiss.  (<u>See</u> D.E. 146 (order to respond); D.E. 154-157 (dealing with request for extension); and D.E. 167-68 (response and motion to dismiss).)

Knight sought an extension of time to file his reply, which was granted.  (D.E. 169, 170.)  He has now filed his reply, albeit late, as well as a motion for leave to file his reply out-of-time.  (D.E. 175, 176.)  The motion for leave to file out of time  (D.E. 176) is GRANTED.  The Court has considered Knight's reply.

As discussed in detail herein, Knight's motion is subject to dismissal because he

---

[1]  Docket entry references are to the criminal case, C-06-cr-546.

waived his right to file any § 2255 motion.  Although he alleges in his reply that his waiver was unknowing and involuntary, that belated allegation is flatly denied by his sworn testimony at his rearraignment.  For these reasons, discussed in more detail herein, the Court DENIES Knight's § 2255 motion.  Additionally, the Court DENIES Knight a Certificate of Appealability ("COA").

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

### A.    Summary of Offense[2]

On November 29, 2005, agents with the Drug Enforcement Administration and officers with the Corpus Christi Police Department arrested four individuals for possession with intent to distribute cocaine with a net weight of 2.92 kilograms.  Through debriefings, the agents learned that one of the men arrested, Co-conspirator #1 ("CC1") was instructed to pick up the cocaine in Corpus Christi.  CC1 was supposed to receive $2,000 from a black male named "Los" Knight, later determined to be Knight, after the cocaine was successfully transported from Corpus Christi to Middletown, Ohio.

According to debriefings from several individuals, beginning in March 2004 until at least November 2004, CC1 consistently purchased one kilogram of cocaine from an individual in Texas once per month.  After each purchase in Texas, CC1would travel to Ohio

---

[2]  Unless otherwise noted, the facts of the offense as set forth herein are derived from Paragraphs 4 through 8 of the Presentence Investigation Report ("PSR").

and split the cocaine between two street drug dealers, Carlos Knight and Knight's co-defendant, Larry E. McCuller.    The cocaine would be "fronted" to Knight and McCuller who would pay CC1 after they sold the cocaine on the streets in Middletown.  Through debriefings, agents also learned about additional cocaine amounts delivered to Knight and McCuller.  At sentencing, Knight was held responsible for one half of the cocaine delivered to CC1 by co-conspirators, or a total of 14.96 kilograms of cocaine.

### B.        Criminal Proceedings

On August 9, 2006, Knight was charged with three co-defendants in a single-count indictment with one count of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).  (D.E. 1.)  On January 3, 2007, he pleaded guilty to the indictment pursuant to a written plea with the government.  (D.E. 68; see minute entries dated January 3, 2007.)  In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend a sentence at the lowest end of the applicable guideline range and to recommend that Knight receive maximum credit for acceptance of responsibility.  (D.E. 68 at ¶¶ 1-2.)

Additionally, the plea agreement included a waiver of Knight's right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed.  Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may

appeal <u>only</u> (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b).  Additionally, the defendant is aware that 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 68 at ¶ 7 (emphasis in original).)  The agreement was signed by both Knight and his counsel.  (D.E. 68 at 5.)

During the rearraignment, the prosecutor outlined Knight's plea agreement, including the statement that "Defendant is waiving his right to appeal and his rights under 18 U.S. Code 2255 to seek a post-conviction remedy."  (D.E. 159, Rearraignment Transcript ("R. Tr.") at 14.)  After that summary was given, Knight testified that the plea agreement was his, that he had read it and discussed it with his attorney, that it was correctly written, and that he had signed it. (R. Tr. at 14.)

The Court specifically questioned Knight under oath to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion:

> **THE COURT**: ... But you're also giving up your right to file any post-conviction petition under Title 28 of the United States Code, Section 2255, which is intended to vacate your conviction or modify your sentence after it has become final.  Do you understand?
>
> **THE DEFENDANT**: Yes, sir.
>
> **THE COURT**: Do you want to give up your right of appeal and rights to file your post-conviction petitions?

4

      **THE DEFENDANT**: Yes, sir.

      **THE COURT**: Have you talked about that with Ms. Jones before you decided to do that?

      **THE DEFENDANT**: Yes, sir.

      **THE COURT:** And do you feel well advised on that matter?

      **THE DEFENDANT**: Yes, sir.

(R. Tr. at 16.)

      Knight also testified that no one had threatened him or forced him to plead guilty, that it was his decision to plead guilty and that he was pleading guilty because he "committed those crimes," and that no one had promised him what his sentence would be. (R. Tr. at 13, 16-18.) It is clear from the foregoing that Knight's waiver of § 2255 rights was knowing and voluntary.  <u>See</u> Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

      The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report. (D.E. 67.)  The PSR calculated Knight's base offense level for the offense at 32. (PSR at ¶ 14.)  After a three-level reduction for acceptance of responsibility, the total offense level was determined to be 29. (PSR at ¶¶ 14-23.)  Coupled with Knight's criminal history category of III, Knight's advisory guideline range was 120 to 135 months. (PSR at ¶ 43.)

      On March 15, 2007, the Court sentenced Knight to 97 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term, and also imposed a $100 special assessment.  (D.E. 107, 110.)  Judgment was entered against him on March 20, 2007. (D.E. 110.)  On May 14, 2007, nearly two months after judgment was entered

against him, the Clerk received from Knight filed a letter motion requesting an appeal and requesting counsel on appeal.  (D.E. 119.)

His appeal was dismissed because the Fifth Circuit concluded that his Notice of Appeal was untimely and thus it did not confer jurisdiction on the appellate court.  (D.E. 124.)  Knight's § 2255 motion was filed on March 12, 2008.  (D.E. 137.)  It is timely.

### III.  MOVANT'S ALLEGATIONS

In his § 2255 motion, Knight lists three grounds for relief.  Specifically, he alleges that he was denied effective assistance of counsel at sentencing because his counsel failed to raise three challenges to his criminal history points.  First, he alleges that counsel should have challenged Paragraph 29 of the PSR, which assessed Knight two points for being on probation at the commencement of the federal conspiracy.  Knight now argues that pertinent records show that he had been discharged from probation before the commencement of the conspiracy.  Second, he argues that counsel should have challenged the one point Knight was assessed in Paragraph 25 of the PSR for an Ohio conviction for "attempted drug abuse marihuana."  Third,  he contends that counsel should have challenged the assessment of one point in Paragraph 26 of the PSR for his Ohio misdemeanor convictions for menacing and criminal damaging because Knight's waiver of counsel in those cases failed to comport with what the Ohio Supreme Court has required for a valid waiver of counsel.  Accordingly, his argument continues, those convictions were in violation of his Sixth Amendment right to counsel and should not have been scored.

In its response, the government moves for summary dismissal of Knight's entire

motion on the basis of his waiver of his § 2255 rights. (D.E. 167.)  It also argues that, even if his motion were properly before the Court, he has failed to state a valid claim of ineffective assistance of counsel.  (D.E. 167.)

In his reply, Knight alleges – for the first time in these proceedings – that his waiver should not be enforced because he is challenging the validity of the plea itself.  Specifically, Knight has provided an affidavit in which he testifies that his trial attorney never explained his plea agreement included an appeal waiver, and that he did not understand the consequences of the waiver.  (D.E 175 at 1-2 and Knight Affidavit.) Although he concedes that his plea colloquy addressed the appeal waiver, he argues that he did not understand or appreciate what was being said.

For the reasons set forth herein, Knight's claims fail.

## IV.  DISCUSSION

### A.      28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.

1992).  "[A] collateral challenge may not do service for an appeal."  <u>United States v. Frady</u>, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

The Court need not address whether Knight has procedurally defaulted his claims by failing to appeal.  Rather, the Court concludes that he waived the claims he raises in his § 2255 motion.  <u>United States v. Wilkes</u>, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); <u>United States v. McKinney</u>, 406 F.3d 744 (5th Cir. 2005) (enforcing waiver of appeal rights)**.**

**B.    Waiver of § 2255 Rights**

It is clear from the rearraignment transcript that Knight understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver.  <u>See</u> <u>Wilkes</u>, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Knight's sworn statements in open court are entitled to a strong presumption of truthfulness. <u>United States v. Lampaziane</u>, 251 F.3d 519, 524 (5th Cir. 2001) (citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)); <u>Wilkes</u>, 20 F.3d at 653 (citing <u>Blackledge</u> for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  <u>United States v. Cothran</u>, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements support a finding that Knight's waiver was knowing and voluntary.

Knight argues in his reply that his waiver of § 2255 rights should not be enforced because his counsel did not adequately explain it to him.  (<u>See</u> <u>generally</u> D.E. 175.)  As noted above, however, Knight's statements at his rearraignment bely this.  Indeed, the Court

8

specifically asked whether he had been counseled about his § 2255 waiver and he told the Court he was "well advised" on that matter. (R. Tr. at 16.)  His belated testimony in these proceedings that he did not understand the waiver is insufficient to rebut the strong presumption of truthfulness attached to his sworn statements at rearraignment.  Cf. Lampaziane, 251 F.3d at 524.  The Court finds that his waiver was knowing and voluntary and is enforceable.

Because all of the claims Knight raises in his § 2255 motion are barred by his waiver, his § 2255 motion is DISMISSED WITH PREJUDICE.

**C**.      **Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Knight has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their

9

merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Knight has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists would not disagree that the claims raised in his motion are barred due to his waiver. Accordingly, Knight is not entitled to a COA.

## V.  CONCLUSION

For the above-stated reasons, Knight's motion for leave to file his response out of time (D.E. 176) is GRANTED.  Knight's motion under 28 U.S.C. § 2255 (D.E. 137) is DISMISSED WITH PREJUDICE.  The Court also DENIES Knight a Certificate of Appealability.

It is so ORDERED this 30th day of December, 2008.

HAYDEN HEAD
CHIEF JUDGE